| FREELANCE CONSTRUCTIONS, L.L.C. | NO. 24-C-423 |
| --- | --- |
| VERSUS | FIFTH CIRCUIT |
| SHARON ADAMS, WIFE OF AND ERNEST ADAMS | COURT OF APPEAL |
|  | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

October 25, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** FREELANCE CONSRUCTION, L.L.C., IN ITS CAPACITY AS DEFENDANT-IN-RECONVENTION

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JACQUELINE F. MALONEY, DIVISION "D", NUMBER 836-013

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

## WRIT GRANTED IN PART AND DENIED IN PART

The relator, Freelance Construction, L.L.C., seeks review of the August 22, 2024, trial court judgment that denied its motion for summary judgment to "Dismiss the Reconventional Demand of Sharon Adams and Ernest Adams." For the following reasons, we grant this writ application in part and deny it in part.

FACTS

On December 19, 2022, the relator filed suit against the respondents, Sharon and Ernest Adams, alleging that the parties entered into a "series of contracts" for the relator to repair damages to the respondents' home caused by Hurricane Ida. The relator alleged that it completed most of the work outlined in the construction contracts, but stopped working on respondents' home because they failed to make payments for work that had been completed. The relator asserts that the respondents have only paid $85,000 of the $134,078.30 owed and, despite amicable demand, the respondents have refused to pay the remaining $49,078.30

due for work under these contracts.  The respondents filed an answer and a reconventional demand, asserting they paid the relator $100,030.00 of the total project cost of $134,078.30.  The respondents further alleged that the relator performed the work incorrectly and incompletely, citing as an example that the kitchen cabinets were the wrong color and were installed incorrectly, and that the relator has shown no interest in attempting to correct the mistakes or complete the job.  The respondents also sought damages for mental anguish due to being displaced from their home "longer than necessary."

On April 23, 2024, the relator filed a motion for summary judgment to dismiss the reconventional demand, asserting there are no genuine issues of material fact and that the respondents cannot produce sufficient factual support to prove their claims.  In support of its motion, the relator attached the respondents' answer to the petition and a purported affidavit from Lance Arcement, who is the sole member and manager of the relator, Freelance Construction, L.L.C.  The court set the motion for a contradictory hearing on June 18, 2024.  On June 17, 2024, the respondents filed a motion to continue the hearing on the motion for summary judgment due to their prior attorney leaving the firm and a new attorney taking over the case.  The court granted the continuance and reset the hearing on the motion for summary judgment to August 12, 2024.  On August 9, 2024, the respondents filed an opposition to the motion for summary judgment, arguing there are several genuine issues of material fact precluding summary judgment on the claims in their reconventional demand, and they attached photographs of some of the work performed.  On that same date, the relator filed a reply memorandum asserting the respondents' opposition was untimely and asking the court to strike it.

At the hearing on the motion, the relator argued the opposition should be stricken and that the respondents forfeited their right to oral argument due to the untimely filing of the opposition.  The attorney for the respondents stated that he

had difficulty contacting his clients, causing the delayed opposition.  The trial court denied the motion to strike and allowed the respondents' attorney to argue in opposition to the motion for summary judgment.  The relator's attorney then objected to the photographs attached to the opposition, arguing they were not authenticated and were not proper summary judgment evidence under La. C.C.P. art. 966.  The court stated that it would allow the respondents' counsel to discuss the photographs and "make his argument."  After hearing the arguments for each side, the trial court granted the summary judgment in part, dismissing the respondents' claim for attorney fees and costs, and denied the motion for summary judgment as to the remainder of the claims in the reconventional demand.  This timely writ application followed.

UNTIMELY OPPOSITION

In its first argument in this writ application, the relator asserts that the trial court erred in considering the respondents' untimely-filed opposition to the motion for summary judgment.  We agree.

According to La. C.C.P. art. 966B(2), an "opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313(A)(4) not less than fifteen days prior to the hearing on the motion." In the absence of consent by the parties, a trial court has no discretion to extend the fifteen-day deadline for filing an opposition to a motion for summary judgment. Auricchio v. Harriston, 20-01167 (La. 10/10/21), 332 So.3d 660, 661.  A continuance under La. C.C.P. art. 966(C)(2) "cannot serve as a pretext to circumvent the deadlines set forth in La. C.C.P. art. 966(B)(2)."  Mahe v. LCMC Health Holdings L.L.C., 23-25 (La. 3/14/23), 357 So.3d 322.

In this case, the respondents' opposition to the motion for summary judgment was due fifteen days before the June 18, 2024, hearing.  The continuance granted by the trial court did not extend this deadline.  The respondents did not file

their opposition memorandum until August 9, 2024, just three days prior to the rescheduled hearing date. Accordingly, we find the trial court erred by considering the untimely filed opposition to the motion for summary judgment, and we hereby strike the opposition, including the attached photographs.

REVIEW OF SUMMARY JUDGMENT

Appellate courts review a motion for summary judgment *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Varrecchio v. Lemoine Company, 23-603 (La. App. 5 Cir. 1/31/24), 381 So.3d 210, 214. The court should grant a motion for summary judgment "if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The party bringing the motion bears the burden of proof; however, if the mover does not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(D)(1).

We now review the relator's motion for summary judgment *de novo*, without considering the respondents' untimely filed opposition.

In its motion for summary judgment, the relator argues the respondents cannot meet their burden of proof on the reconventional demand, because the facts and evidence do not support the respondents' claims. It contends the respondents did not fulfill their obligations under the parties' contracts and, thus, they have no legal basis for their claims. In support of its motion for summary judgment, the relator attached the respondents' answer to the petition, as well as a purported "affidavit" of Mr. Arcement. This document indicates that Freelance Construction, L.L.C. substantially completed the work on the respondents' home but stopped due to the respondents' refusal to make payments. It provides that, based on the

executed proposals, the work done, and the amount paid by the respondents, there remains a balance due from the respondents of $49,078.30.  However, this "affidavit" is not signed by the affiant, Lance Arcement.  An unsigned affidavit is not admissible to support or oppose a motion for summary judgment.  Simon v. CenturyLink, Inc., 21-0412 (La. App. 1 Cir. 12/22/21), 340 So.3d 88.  Thus, this Court cannot consider the unsigned "affidavit" on *de novo* review.

The relator has not submitted any other documents or evidence to support its motion for summary judgment.  While the relator argues that the respondents did not fulfill their obligations under the contracts, the respondents contend that the relator performed the work incorrectly and did not attempt to correct the mistakes or complete the job.  Neither party has submitted any appropriate evidence to support their claims, and genuine issues of material fact remain.  As the mover on the motion for summary judgment, the relator has not carried its burden of proving that it is entitled to judgment as a matter of law.  For this reason, we deny the relator's motion for summary judgment based on the showing made.

CONCLUSION

For the preceding reasons, we partially grant this writ, striking the respondents' untimely filed opposition.  We partially deny the writ, finding that the relator has not shown that it is entitled to summary judgment on the claims raised in the respondents' reconventional demand.

Gretna, Louisiana, this 25th day of October, 2024.

**JJM**
**FHW**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/25/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-423**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Blake A. Altazan (Relator)
Dylan A. Thompson (Relator)

### MAILED

Harry L. Cahill, III (Respondent)
Attorney at Law
1100 9th Street
Gretna, LA 70053

Peyton B. Burkhalter (Respondent)
Attorney at Law
2540 Severn Avenue
Suite 129
Metairie, LA 70002

Kirk A. Patrick, III (Relator)
Attorney at Law
Post Office Box 1629
Baton Rouge, LA 70821

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Kirk A. Patrick, III
Attorney at Law
Post Office Box 1629
Baton Rouge, LA 70821
24-C-423                    10-25-24

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kirk A. Patrick, III
Attorney at Law
Post Office Box 1629
Baton Rouge, LA 70821
24-C-423                    10-25-24

9590 9402 2434 6249 3568 80

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 9145

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Peyton B. Burkhalter
Attorney at Law
2540 Severn Avenue
Suite 129
Metairie, LA 70002
24-C-423                    10-25-24

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Peyton B. Burkhalter
Attorney at Law
2540 Severn Avenue
Suite 129
Metairie, LA 70002
24-C-423                    10-25-24

9590 9402 2434 6249 3568 73

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 9138

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

To  Harry L. Cahill, III
    Attorney at Law
    1100 9th Street
    Gretna, LA 70053
    24-C-423                    10-25-24

7016 2070 0000 0954 9121

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harry L. Cahill, III
Attorney at Law
1100 9th Street
Gretna, LA 70053
24-C-423                    10-25-24

9590 9402 2434 6249 3568 66

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 9121

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                   ☐ Agent
                                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ail
☐ _____ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt